**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| WINONA SUE GARNAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-024 |
| | § | |
| CARNIVAL CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

This case arises out of alleged personal injuries suffered by Plaintiff Winona Sue Garnand ("Plaintiff") while a passenger aboard the S.S. ECSTASY, a cruise ship owned by Defendant Carnival Corporation ("Carnival'). Now before the Court comes Carnival's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3) and/or (6), or in the Alternative to Transfer Under 28 U.S.C. § 1404(a) and/or 1406(a). For the reasons outlined below, Carnival's Motion to Transfer is **GRANTED**, and this case is **TRANSFERRED** to the Southern District of Florida, Miami Division. Carnival's Motion to Dismiss is **DENIED**.

## I. Background

This is a negligence cause of action brought pursuant to this Court's admiralty jurisdiction under 28 U.S.C. § 1333. Plaintiff alleges that she sustained personal injuries after suffering a fall while being "rushed, along with other disembarking passengers, through a dimly-lit lounge aboard the cruise ship ESTASY [sic] which was tied up to the dock in Galveston." Response at 1.

1

Plaintiff brought suit in this Court despite a forum selection clause in the passenger ticket contract requiring suit in Miami, Florida.  The clause states:

> It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

It is this clause which provides the sole basis for Carnival's Motion to Dismiss or Alternatively to Transfer.

## II.  Analysis

This very forum selection clause has been litigated in this Court before on nearly identical motions.  *See Elliott v. Carnival Cruise Lines et al.*, 231 F. Supp. 2d 555 (S.D. Tex. 2002).  In *Elliot*, the Court first determined that § 1404(a) was the appropriate avenue for consideration of the forum selection clause.  *See id.* at 558-59.  The Court then determined that the forum selection clause was valid and was appropriate for consideration in the Court's § 1404(a) analysis.  *See id.* at 561. Plaintiff has offered no basis for distinguishing this case from *Elliot*.  The Court, having found the cases nearly identical, will proceed as it did in *Elliott*.

The forum-selection clause "provides some indication that the convenience of the parties would presumably be better served by transfer" to Florida.  *Lafargue v. Union Pac. R.R.*, 154 F. Supp. 2d 1001, 1005 (S.D. Tex. 2001).  The Court begins the analysis with this presumption and analyzes the other §1404(a) factors to see if they can overcome it.  *See id.*; *Elliott*, 231 F. Supp. 2d at 561.  Here, the clause weighs heavily in favor of transfer.  In *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991), the Supreme Court noted the particular

2

importance of enforcing these clauses in cruise lines' form passenger contracts. *See id.* at 593-94 (suggesting that cruise lines have "special interests" in limiting litigation fora and that forum selection clauses have "salutary" effects for passengers as well).

### 1. Availability and Convenience of Witnesses and Parties

This Court has often stated that the convenience of witnesses is the most important consideration in the § 1404(a) analysis. *See Elliott*, 231 F.Supp. 2d at 562. Plaintiff argues that "it is obvious that most all of the eye-witnesses to the accident (disembarking passengers) will be accessible in Texas but not in Florida." Response at 6. Plaintiff's only other support for this factor is that her treating physicians cannot be compelled to come to Florida. The Court notes that Plaintiff does not provide it with a list of eyewitnesses or treating physicians, thus making it impossible to determine if those witnesses can even be compelled to appear in this Court. In any event, these allegations, without more, do not overcome the presumption created by the forum-selection clause that Florida is more convenient. *See Elliott*, 231 F. Supp. 2d at 562.

### 2. Location of Books and Records

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor is neutral in this case.

### 3. Costs of Trial

Plaintiff does not specifically address this factor. However, one can assume that a trial in Florida would shift the great weight of the costs from Carnival to Plaintiff. Generally, this would carry great weight. But where, as here, Plaintiff accepted a contract specifying litigation in Florida,

a cost-shifting argument is not as compelling as it would normally be.  Thus, this factor does not weight in favor of retaining the case.

### 4.  Location of the Alleged Wrong

This accident allegedly occurred while the ECSTASY was docked in Galveston.  This would normally favor retention, but again, that fact cannot overcome the presumption created by the forum-selection clause, especially in light of the Supreme Court's justification for forum-selection clauses in form passage contracts.  *See Carnival*, 499 U.S. at 593, 111 S. Ct. at 1527 (asserting that reasonable forum-selection clauses are permissible in form passage contracts because, without them, a cruise line could be subject to suit in many different fora).

### 5.  Possibility of Delay

This case has not been set for trial yet, so there is no danger of substantial delay upon transfer to Florida.

## III.  Conclusion

The Court finds that Plaintiff has not presented sufficient evidence to override the presumption created by the forum-selection clause that trial would be more convenient in Florida. Carnival has satisfied its burden of demonstrating to this Court that transfer is warranted to serve the interests of justice and for the convenience of all involved.

For all of the reasons set forth above, the Court hereby Carnival's **GRANTS** Carnival's Motion to Transfer.  Carnival's Motion to Dismiss is **DENIED AS MOOT**.  This case is accordingly **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division.  Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

4

**IT IS SO ORDERED**.

**DONE** this 16th day of May, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge